1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    JEFFREY A CARRICO, et al.,                Case No.  15-cv-02087-DMR
                   Plaintiffs,
8
9          v.                                 **ORDER RE DISCOVERY LETTER**
10   SAMSUNG ELECTRONICS CO., LTD., et        Re: Dkt. No. 40
     al.,
11                 Defendants.

12        Before the court is the parties' joint discovery letter regarding Plaintiffs' motion for a court

13   order allowing them to conduct two depositions via video conference.  [Docket No. 40.]  The court

14   has determined that this matter is appropriate for determination without oral argument.  Civil L.R.

15   7-1(b).  For the reasons stated below, Plaintiffs' request for an order that the depositions occur via

16   video conference is granted.

17                          **I.       LEGAL STANDARD**

18        The Federal Rules of Civil Procedure provide that "[a] party who wants to depose a person by

19   oral questions . . . must state the time and place of the deposition."  Fed. R. Civ. P. 30(b)(1).

20   Generally, this means that the examining party may unilaterally choose a deposition's location.

21   *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005); *S.E.C. v. Banc de Binary*,

22   No. 2:13-CV-993-RJC-VCF, 2014 WL 1030862, at *3; Charles Alan Wright, Arthur R. Miller &

23   Richard L. Marcus, Federal Practice & Procedure: Civil § 2112 at 523 (3d ed. 2010).

24        Pursuant to Fed. R. Civ. P. 30(b)(4), the court may, upon motion, order that a deposition be

25   taken by telephone or other remote means.  For purposes of this rule, "the deposition takes place

26   where the deponent answers the questions."  Fed. R. Civ. P. 30(b)(4).

27        Under Rule 26(c), courts may protect a deponent "from annoyance, embarrassment,

28   oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  A district court has "wide

United States District Court
Northern District of California

1    discretion" to set a deposition's location.  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir.

2    1994) (citation omitted).

3                                    **II.      ANALYSIS**

4            Plaintiffs seek to depose via videoconference Mr. Jihoon Park and Mr. Jisun Park, who are

5    the two supervisors of Defendant Yoonwha Park.  Both deponents work outside of Seoul, in South

6    Korea.  Neither plans to come to California in the near future.  Plaintiffs seek to depose these two

7    witnesses by remote means in order to minimize travel time and costs.

8            Defendant Samsung Electronics Co., Ltd. ("SEC") objects to the taking of the depositions

9    by videoconference, and argues that they should be taken in person in South Korea.  SEC argues

10   that it will be prejudiced if the depositions are taken remotely because it believes that there is a

11   risk of an inaccurate record because the deponents are non-English speakers and the deposition

12   will refer to Korean-language documents.  SEC contends that because these are foreign language

13   depositions, the parties should all be physically present to accurately hear and clarify any

14   mistranslations through immediate exchanges with the interpreter.

15           Plaintiffs, as the noticing party, may generally choose, subject to certain limitations, the

16   deposition's location.  Courts in this district have found that remote videoconference depositions

17   can be an effective and efficient means of reducing costs.  *Lopez v. CIT Bank, N.A.*, No. 15-CV-

18   00759 BLF (HRL), 2015 WL 10374104, at *2 (N.D. Cal. Dec. 18, 2015); *Guillen v. Bank of Am.

19   Corp.*, No. 10-CV-05825 EJD (PSG), 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011);

20   *Federal Civil Procedure Before Trial* (2015), The Rutter Group, 11:1470, 11–170.  Likewise,

21   courts have noted that leave to conduct depositions by telephone should be liberally granted and

22   that a desire to save money constitutes good cause to depose out-of-state witnesses through remote

23   means.  *Guillen*, 2011 WL 3939690, at *1; *Lopez*, 2015 WL 10374104, at *2.  The burden is on

24   the opposing party to show how they would be prejudiced.  *Guillen*, 2011 WL 3939690, at *1.

25           SEC points to only one case in support of its position that the remote deposition may be

26   too risky, but that case is factually inapposite.  In *Tile Unlimited, Inc. v. Blanke Corp.*, No. 10 C

27   8031, 2013 WL 1668194, at *3 (N.D. Ill. Apr. 17, 2013), the plaintiff sought to depose a deponent

28   remotely in Germany without an officer present in Germany to administer the oath and to record

United States District Court
Northern District of California

2

his deposition.  Plaintiff proposed that the deposition be recorded with the Skype recording application or with a court reporter in Chicago listening to a Skype transmission.  The court noted that plaintiff's proposal failed to comply with the requirements of Rule 28.  Rule 28 provides four methods of taking a deposition in a foreign country for use in a federal case: "(A) under an applicable treaty or convention; (B) under a letter of request, whether or not captioned a "letter rogatory"; (C) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or (D) before a person commissioned by the court to administer any necessary oath and take testimony."  Fed. R. Civ. P. 28(b)(1).[1]  The defendant in *Tile* did not categorically oppose taking the deposition by remote means, but argued that if the deposition was conducted remotely it should comply with the Federal Rules of Civil Procedure and a court reporter and interpreter should be present with the deponent in Germany.  *Id.* at *2.  In that context, the court noted that courts encourage parties to use technologies to save costs when feasible, but "it must be without sacrificing the purposes for which a deposition is taken, including the accurate recording of sworn testimony for use in the court."  *Id.* at *3.  The court found that the plaintiff could renew its motion to seek a deposition via remote means, but must propose a procedure that complied with the requirements of the Federal Rules.  *Id.* at *4.

Here, SEC has not shown that Plaintiffs' proposal to take the depositions by remote means suffers from procedural defects or otherwise fails to comply with the Federal Rules.[2]  Under Plaintiffs' proposal, the deposition will occur via livestreaming, and any audio problems can be corrected immediately during the deposition.  Indeed, SEC previously proposed taking other depositions by remote means.

SEC's vague concerns that remote depositions will be ineffective or inaccurate are too speculative.  *See Lopez*, 2015 WL 10374104, at *2.  Plaintiffs have proposed a number of

---

[1] SEC appears to concede that it will produce the two witnesses for deposition under the Federal Rules of Civil Procedure.  SEC does not invoke the Hague Convention procedures or argue that those procedures should be used here, and cites instead to the standards of Federal Rule of Civil Procedure 30(b)(4).

[2] As neither party raises the issue of compliance with Rule 28, the court will assume that there is no dispute over compliance with these requirements for conducting these depositions in a foreign country for use in federal court.

United States District Court
Northern District of California

1  compromises to address SEC's concerns about difficulties with the remote deposition and

2  translation issues.  While normally the deposing party would select the interpreter, Plaintiffs have

3  allowed SEC to choose the certified interpreter for the depositions, as long as the costs are

4  reasonable.  Plaintiffs do not object to SEC's counsel being present in Korea for the deposition.

5  Plaintiffs have offered to allow SEC to have "check" interpreters of SEC's choosing present on

6  both or either side of the video conference to correct the record contemporaneously.[3]  The court

7  finds that these measures are sufficient to address SEC's concerns about the ability to properly

8  translate the deposition questions and responses between English and Korean.

9       Plaintiffs have also offered accommodations to address SEC's concern about the exchange

10  of documents.  Plaintiffs suggest exchanging the documents in advance of the deposition or

11  sharing the documents via email or other sharing programs such as Dropbox.  Plaintiffs also note

12  that the documents that will be used in the depositions are Bates stamped, which will facilitate

13  reference to documents during the deposition.  As another court within this district noted, modern

14  videoconference software permits participants to quickly and conveniently share documents and

15  images with each other.  *Lopez*, 2015 WL 10374104, at *2.  The *Lopez* court concluded that the

16  burden of flying out of town (from California to Florida) for a deposition outweighed the minimal

17  burden of remotely reviewing documents.  Similarly, this court concludes that the burden of flying

18  from California to South Korea for these two depositions outweighs the minimal burden of

19  remotely reviewing documents.

20                              **III.    CONCLUSION**

21       For the foregoing reasons, the Plaintiffs' motion for an order to take the depositions of Mr.

22  Jisun Park and Mr. Jihoon Park via videoconference is granted, provided that they fully comply

23  with the requirements of the Federal Rules of Civil Procedure in taking the depositions.  SEC may

24  select the certified interpreter for the depositions, with Plaintiffs bearing the costs for the

---

25  [3] SEC points out that at Ms. Park's deposition the court interpreter initially mistranslated a word
26  and the parties were able to correct the mistranslation through immediate exchanges with the
    interpreter.  SEC has not articulated why correction of mistranslation must be in person.  Plaintiff
27  has offered that SEC may have "check" interpreters present at both sides of the video conference.
    SEC has not articulated a reason that this measure would be insufficient to address its stated
28  concern about the ability to correct any translation issues through contemporaneous exchange and
    clarification.

interpreter, so long as the costs are reasonable.  If SEC wishes to provide "check" interpreters on one or both sides of the videoconference, it may do so.   SEC's counsel may attend the depositions in Korea, if they so choose.

**IT IS SO ORDERED.**

Dated: April 1, 2016

_____
Donna M. Ryu
United States Magistrate Judge

United States District Court
Northern District of California

5