UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A CARRICO, et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD., et al.,<br><br>            Defendants. | Case No.  15-cv-02087-DMR<br><br>**ORDER GRANTING MOTION FOR COURT-DIRECTED SERVICE UNDER RULE 4(F)(3)**<br><br>Re: Dkt. No. 41 |

Before the court is Plaintiffs Jeffery Carrico and Nicole Salas's ("Plaintiffs") motion for an order of court-directed service of the complaint and summons on Defendant Yoonwha Park through service on her attorney John W. Ranucci under Federal Rule of Civil Procedure 4(f)(3). [Docket No. 41.]  The court has determined that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).  For the following reasons, the court grants Plaintiffs' motion.

## I.      BACKGROUND

Plaintiffs allege that they were walking on the sidewalk in Half Moon Bay, California on May 11, 2014, when Park drove a car she had rented from Hertz Corporation up onto the sidewalk and struck Plaintiffs, injuring both of them.  Park is an employee of Defendant Samsung Electronics Co., Ltd. ("SEC"). [1]  The parties dispute whether she was acting within the scope of her employment at the time of the incident.

Despite Plaintiffs' efforts, they have been unable to successfully serve Park.  Plaintiffs initially filed this case in San Mateo Superior Court on September 11, 2014.  Notice of Removal,

---

[1] Park and SEC are the only remaining defendants.  Plaintiffs dismissed Defendant Hertz Corporation prior to removal from state court.  Notice of Removal, Exhibit 9. [Docket No. 5 at 64-65.]  Plaintiffs also dismissed Defendants Samsung Electronics America, Inc., Samsung International, Inc., and Samsung Electronics North America, Inc. [Docket Nos. 11 and 21].

United States District Court<br>Northern District of California

1    Exhibit 1 [Docket No. 5 at 8-12].  In mid-September 2014, Plaintiffs employed Process Service

2    Network, an international service company, to serve Park in the Republic of Korea through the

3    procedures of the Hague Convention on the Service Abroad of Judicial and Extrajudicial

4    Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163

5    ("Hague Convention").  Declaration of Adam Carlson in Support of Motion ("Carlson Decl.")

6    [Docket No. 42] ¶ 4, Ex. 1.  Plaintiffs attempted to serve Park at the address listed in the traffic

7    collision report of the incident.  Carlson Decl., Exs. 1 and 3 [Docket Nos. 42-1 and 42-3].  The

8    Central Authority of the Republic of Korea ("Central Authority") sent Plaintiffs a certificate

9    indicating that service had been attempted on three separate occasions, but was unsuccessful

10   because of the "absence of addressee/place of residence locked and unoccupied."  Carlson Decl. ¶

11   5, Exs. 2 (Certificate in Korean) and 3 (English Translation).

12       Plaintiffs subsequently subpoenaed records from the Hertz Corporation for Park's rental

13   contract.  Carlson Decl. ¶ 7.  These documents provided two addresses for Park: one appeared to

14   be an incomplete address in Seoul, the second a handwritten address similar to the one listed on

15   the traffic collision report.  Carlson Decl., Ex. 4.  Plaintiffs' counsel believed the second address

16   was more reliable, and communicated with the Central Authority to confirm the correct address

17   format.  Carlson Decl. ¶ 8, Exs. 5 and 6.  On May 20, 2015, Plaintiffs made a second attempt to

18   serve Park through the Hague Convention.  Carlson Decl. ¶ 10, Ex. 7.  Subsequently, Plaintiffs'

19   counsel received a certificate from the Central Authority dated August 5, 2015, which indicated

20   that the documents were not served.[2]  Carlson Decl. ¶ 11, Ex. 8.

21       Meanwhile, Plaintiffs successfully served SEC through the Hague Convention procedures,

22   and SEC removed the case to federal court.  [Docket No. 5.]  SEC's initial disclosures provided

23   another address for Park.  Carlson Decl. ¶ 12, Ex. 9.  On October 26, 2015, Plaintiffs' counsel

24   attempted to serve Park at the new address through the Hague Convention procedures.  Carlson

25   Decl. ¶ 13, Ex. 10.

26       On January 14, 2016, Plaintiffs deposed Park in Seoul, South Korea.  Carlson Decl. ¶ 18.

27

28   _____
     [2] Plaintiffs only provided a Korean language version of this document.

United States District Court
Northern District of California

At her deposition, Park explained that she had moved and confirmed that her current address was the one provided in SEC's initial disclosures.  Carlson Decl. ¶ 19.

Subsequent to filing the present motion, Plaintiffs received a certificate from the Central Authority indicating that several attempts were made to serve Park, but all were unsuccessful because the door was locked and no one answered.  Reply Declaration of Adam Carlson ("Carlson Reply Decl.") ¶ 2, Exs. 18 (Korean certificate) and 19 (English translation).

Plaintiffs asked SEC if it would accept service on Park's behalf, but SEC has declined to do so.  Carlson Decl. ¶¶ 20-21.  SEC told Plaintiffs that it had no authority to accept service on Park's behalf, and had a clear conflict of interest with her in this litigation.

Plaintiffs now seek to serve Park through court-directed service on Park's attorney, John W. Ranucci.  Ranucci has indicated to Plaintiffs' counsel that he is representing Park by and through her Hertz car rental contract.  Carlson Decl. ¶ 25.  By letter dated December 22, 2015, Ranucci informed Plaintiffs that he represented Park and intended to appear at her January 2016 deposition.  Carlson Decl. ¶22, Ex. 16.  Ranucci did represent Park at her deposition in South Korea, and appears to continue to represent her.  Carlson Decl. ¶ 23.  For example, prior to the January 19, 2016 mediation, Ranucci indicated to Plaintiffs' counsel his desire for Park to be included on any release, should the matter settle.  Carlson Decl. ¶ 24.  Plaintiffs' counsel has asked Ranucci several times if Park will waive service and whether he will accept service on her behalf, including a written request dated December 2, 2015.[3]  Carlson Decl. ¶26, Ex. 17.  Ranucci has repeatedly indicated that he is not authorized to accept service on Park's behalf.  Carlson Decl. ¶ 27.  Although Plaintiffs have an email address and other contact information for Park, they have not contacted her directly to ask if she will accept service because she is represented.  Carlson Decl. ¶ 28.  Plaintiffs now move the court for an order directing service on Park through her attorney pursuant to Federal Rule of Civil Procedure 4(f)(3).  [Docket No. 41.]

---

[3] The December 2, 2015 correspondence included a reminder of Park's obligation to avoid unnecessary expense for service, a Request to Waive Service, two copies of the waiver, a copy of the complaint and a copy of SEC's notice of removal.  Carlson Decl., Ex. 17.

United States District Court
Northern District of California

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) directs how to effect service on an individual in a foreign country.  An individual may be served at a place not within any judicial district of the United States "by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Fed. R. Civ. P. 4(f)(1).  Unless federal law provides otherwise, Rule 4(f)(3) permits service on individuals in a foreign country "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).

To establish that service of process under Rule 4(f)(3) is appropriate in a given case, a plaintiff must show that (1) international agreement does not prohibit the service; and (2) that the service is "reasonably calculated to provide actual notice" to the defendant.  *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014-1016 (9th Cir. 2002).  The second requirement, that service must be "reasonably calculated, under all the circumstances, to apprise the interested parties of the action and afford them an opportunity to present their objections," is necessary to satisfy constitutional due process norms.  *Id.* at 1016.  Courts in this district have granted motions for court-directed service under Rule 4(f)(3) in a variety of situations.  *See, e.g., D.Light Design, Inc. v. Boxin Solar Co.*, No. C-13-5988 EMC, 2015 WL 526835, at *1 (N.D. Cal. Feb. 6, 2015) (permitting service on international defendants by email where the defendants' physical addresses were unknown, despite Plaintiffs' diligent efforts); *ADT Sec. Services, Inc. v. Sec. One Intern., Inc.,* No. 11 CV 05149 YGR, 2012 WL 3580670, at *3 (N.D. Cal. 2012) (authorizing service on international defendant by the contact email listed on defendant's website where Plaintiff had not been able to locate defendants by postal mail or telephone); *In re LDK Solar Sec. Litig.,* No. C 07 05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. 2008) (allowing court-directed service on unserved officers, directors, and Chinese subsidiary of LDK through the California office of LDK's subsidiary); *Facebook, Inc. v. Banana Ads, LLC,* No. C 11 3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. 2012) (granting request to serve foreign defendants via email).

4

1

## III.     ANALYSIS

2

### A.  Plaintiffs May Move for An Order Pursuant to Federal Rule of Civil Procedure 4(f)(3)

3      In its response to the court's request for its position on this motion, SEC states that

4  Plaintiffs have not shown a "lawful need to bypass The Hague Convention's requirements," and

5  have not demonstrated that Park "cannot be served under the Convention's requirements." SEC

6  Response [Docket No. 54] at 3-5.[4]  SEC appears to take the position that before seeking alternate

7  service under Rule 4(f)(3), Plaintiffs must first establish that attempts to serve Park through the

8  Hague Convention are futile.  This is incorrect.

9      Plaintiffs are not required to serve foreign defendants in accordance with "any

10  internationally agreed means reasonably calculated to give notice," such as the Hague Service

11  Convention under Rule 4(f)(1), prior to moving for alternate service under Rule 4(f)(3).  The

12  Ninth Circuit made this clear in *Rio Properties*:

13

14          By all indications, court-directed service under Rule 4(f)(3) is as favored as
        service available under Rule 4(f)(1) or Rule 4(f)(2).  Indeed, Rule 4(f)(3) is one of
15        three separately numbered subsections in Rule 4(f), and each subsection is
        separated from the one previous merely by the simple conjunction "or."  Rule
16        4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other
        subsections; it stands independently, on equal footing. Moreover, no language in
17        Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes
        no qualifiers or limitations which indicate its availability only after attempting
18        service of process by other means.

19
20          The advisory committee notes ("advisory notes") bolster our analysis.
        Beyond stating that service ordered under Rule 4(f)(3) must comport with
21        constitutional notions of due process and must not be prohibited by international
        agreement, the advisory notes indicate the availability of alternate service of
22        process under Rule 4(f)(3) without first attempting service by other means.
        Specifically, the advisory notes suggest that in cases of "urgency," Rule 4(f)(3)

23

24  _____

25  [4] The court requested a response from SEC because SEC had previously objected to Plaintiffs'
    request for court-directed service in the parties' joint case management statement [Docket No. 35
26  at 2-3].  SEC now clarifies that it had objected to Plaintiffs' prior request for service on Park
    through SEC's attorneys, but does not believe that it has standing to challenge Plaintiffs' request
27  for court-directed service on Park's attorney.  [Docket No. 54.]  Nonetheless, SEC indicated that it
    believes that Plaintiffs should not be allowed to "bypass" the Hague Convention's requirements.
28  *Id.* at 3-4.

United States District Court
Northern District of California

may allow the district court to order a "special method of service," even if other methods of service remain incomplete or unattempted.[5]

*Rio Properties*, 284 F.3d at 1015.

Rule 4(f)(3) allows for an alternate means of service as long as it is directed by a court and not prohibited by international agreement.  In other words, Rule 4(f)(3) stands independently of Rule 4(f)(1); it is not necessary for plaintiffs to first attempt service through "internationally agreed means" before turning to "any other means not prohibited by international agreement."  *In re LDK Solar Sec. Litig.*, WL 2415186, at *2.

**B.  Service on Park through Her Attorney Is Not Prohibited By International Agreement**

The Republic of Korea is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.  As a signatory to the Hague Convention, the Republic of Korea has objected to Article 10 of the Hague Convention, which allows service to be effected by postal channels, and to Article 8 which allows service to be effectuated through diplomatic or consular agents.[6]  Plaintiffs do not attempt service by postal channels to Park, or through diplomatic or consular agents.  Nothing in the Hague Convention bars Plaintiffs' requested service on Park through her attorney.  *In re LDK Solar Sec. Litig.*, 2008 WL 2415186 at *3 (finding that nothing in the Hague Convention prevented allowing court-directed service on international defendants located in China through LDK's California office, granting request for service under Rule 4(3)(f)).

[5] The court notes that *Rio* involved Costa Rica, a Hague Convention non-signatory country. Nonetheless, the Ninth Circuit's reasoning in the *Rio* decision is still applicable—as long as the service is "court-directed and not prohibited by an international agreement," service can be effected pursuant to FRCP 4(f)(3).  *Rio Properties,* 284 F.3d at 1014; *In re LDK Solar Sec. Litig.*, 2008 WL 2415186 at *3 (applying *Rio* to international defendants located in China, a Hague signatory country, and granting a motion for court-directed service under Rule 4(f)(3)).

[6] *See* The Republic of Korea's Declarations and Reservations relating to Articles 8, 10(a)(b) and (c), 15(2) of the Hague Service Convention, available at https://www.hcch.net/en/states/authorities/notifications/?csid=408&disp=resdn, last visited May 5, 2016.

United States District Court
Northern District of California

United States District Court
Northern District of California

**C. Service through Attorney Ranucci is "Reasonably Calculated to Provide Actual Notice" to Park**

The court next finds that service through Park's attorney is reasonably calculated to provide actual notice to her. As a practical matter, Park already has actual notice of this lawsuit, as Plaintiffs deposed her on January 14, 2016. Carlson Decl. ¶ 18. Further, service through Ranucci is reasonably calculated to provide actual notice to Park because Ranucci has represented Park throughout the litigation –including defending her deposition in Korea. Carlson Decl. ¶¶ 22-24, Ex. 16. Plaintiffs have already provided Ranucci with a copy of the complaint, notice of removal, and a request to waive service. Carlson Decl. ¶27, Ex. 17. Plaintiffs have successfully corresponded with Ranucci via email and U.S. Mail, and there is no indication that they would not be able to appropriately serve the summons and Complaint on him. *See* Carlson Decl. ¶ 22, 27, Ex. 16.

At least one other federal court has ordered court-directed service on an international defendant through service on the defendant's domestic attorney under Rule 4(f)(3) and has found that such service was reasonably calculated to provide actual notice to the defendant. In *Forum Fin. Grp., LLC v. President, Fellows of Harvard Coll.*, 199 F.R.D. 22, 24 (D. Me. 2001), the court authorized court-directed service on a defendant who resided in Russia by service upon his New York attorney, despite the attorney's objection that he was not authorized to accept such service, after determining that no international agreement prohibited such service and that it was reasonably calculated to give the defendant notice of the case and an opportunity to be heard.

In considering the totality of the circumstances and weighing benefits against limitations, service on Park through her attorney is reasonably calculated to provide actual notice to Park. *See Rio Properties,* 284 F.3d at 1017; *D.Light Design, Inc.*, 2015 WL 526835, at *2-3 (considering indicia of reliability for method of service proposed under Rule 4(f)(3), granting motion for service after weighing totality of circumstances).

## IV. CONCLUSION

Plaintiffs have demonstrated that service on Park through her attorney is reasonably calculated to provide actual notice of this action and is not prohibited by international agreement. Therefore, the court grants Plaintiffs' motion and orders that service of the complaint and

1    summons on Defendant Yoonwha Park shall be deemed effective by and through service on her

2    attorney John W. Ranucci.

3

4        **IT IS SO ORDERED.**

5    Dated: May 10, 2016



6    _____

7                         Donna M. Ryu
                     United States Magistrate Judge